## COFFMAN V. ACTON.

1. **Appeal** : QUESTIONS NOT RULED ON BELOW : EXAMPLE. The issues raised and tried below, in an action to recover money as specific personal property, were whether defendant had received the money into her actual possession and assumed the care of it ; and whether she had it in her possession when the action was brought ; and the court found generally for defendant. *Held* that, on this state of the record, the question whether the action would lie, when the property sought to be recovered was money, could not be considered on appeal.

2. —— : EVIDENCE TO SUSTAIN FINDING OF COURT. Where there is a fair conflict in the evidence on which the finding of the court in an ordinary action is based, it will not be disturbed on appeal for want of support in the evidence.

*Appeal from Pottawattamie District Court.*—HON. GEORGE CARSON, Judge.

FILED, MARCH 10, 1888.

ACTION for the recovery of specific personal property. Trial by the court without the intervention of a jury. Judgment for defendant. Plaintiff appeals.

*E. A. Babcock* and *Lyman & Hunter*, for appellant.

*A. W. Askwith* and *Fremont Benjamin*, for appellee.

REED, J.—Plaintiff sought by this action to recover possession of gold coin of the value of one hundred and twenty dollars, which he alleges he deposited with defendant, and she refused to return to him on demand. Counsel have argued the question whether "the action for the recovery of specific personal property" will lie when the property sought to be recovered is money, but it does

not appear that that question was determined by the court below. Defendant's answer was a general denial of all the allegations of the petition, and the parties tried the questions of fact, whether defendant received the money into her actual possession, and assumed the care of it, and whether she had it in her possession when the action was brought; and the court found generally for defendant. On that state of the record, we cannot presume that the court determined as matter of law that, owing to the nature of the property, there could be no recovery. In ordinary actions we can review only such questions as by the record appear to have been passed upon by the trial court.

Counsel for the appellant contend that the finding of the court is contrary to the evidence. Plaintiff

2. ——: evidence to sustain finding of court.

testified that he handed the money to defendant, and requested her to keep it until he called for it, and that she promised to do so, but that she afterwards, on his demanding its return, refused to surrender it. He also produced other witnesses, whose testimony tended to prove certain admissions by defendant that she had received the money for safe-keeping, under a promise to deliver it on demand. Defendant testified that plaintiff came to her home in the absence of her husband, and that he offered to deliver the money to her, and requested her to receive and keep it until he should call for it; but that she refused to receive it, and requested him to take it away, but that he placed it on the table, and went away, leaving it there; and that, on the return of her husband, she pointed it out to him, and related the circumstances under which it had been left there; and that he took possession of it. Also that she was afterwards subpœnaed to produce the money before the mayor of the town on the trial of a criminal action against plaintiff; and that she procured it from her husband for that purpose, but afterwards returned it to him, and that she did not afterwards have it in possession. The burden was on plaintiff to prove that defendant, at some time before the action was brought, had the money in her

actual possession, and that she received it under such circumstances that she was bound to surrender it to him. It is manifest from the foregoing statement of the evidence that there was a substantial conflict on that question. The case must, therefore, be disposed of under the settled rule, that this court will not in an ordinary action disturb the finding of the jury or trial court on a question of fact, when there is a fair conflict in the evidence. The rule has so long prevailed, and has so often been applied, that it is not now necessary to re-state the grounds of it, or cite the cases holding it.

AFFIRMED.